**Elmer A. SEXE and Arlene Sexe, Plaintiffs,**

v.

**HUSKY OIL COMPANY, Defendant.**

**No. CV–79–49–GF.**

United States District Court,
D. Montana,
Great Falls Division.

Aug. 24, 1979.

James M. Regnier, Hoyt, Trieweiler, Lewis & Regnier, Great Falls, Mont., for plaintiffs.

John Stephenson, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant.

## ORDER GRANTING PRELIMINARY INJUNCTION

HATFIELD, District Judge.

Elmer Sexe petitions this court for a preliminary injunction to allow him to continue to operate the Sexe Service Station leased from Husky Oil pending the outcome of his suit charging Husky with wrongfully failing to renew his franchise and lease. Mr. Sexe's lease expires on August 25th, 1979. Jurisdiction is conferred upon this court by virtue of 15 U.S.C. § 2801, et seq.

Plaintiff was notified on May 8th, 1979, that the lease for his service station at 3201 Second Avenue North in Great Falls, Montana, would not be renewed by the Husky Oil Company. The plaintiffs seek injunctive relief on two separate grounds. First, they ask this court to issue an injunction ordering the defendant, Husky Oil Company, to continue its present franchise relationship with the plaintiff. Second, the plaintiffs seek a mandatory injunction ordering the defendant, Husky Oil Company, to reinstate certain allocations of motor gasoline fuel to which the plaintiff is allegedly entitled by law.

Upon consideration and examination of the briefs and evidence submitted in this action a preliminary injunction is hereby granted requiring defendant, Husky Oil Company, to continue in its present franchise relationship with Mr. Sexe.

The motion for an injunction requiring defendant to reinstate the allocation is hereby denied.

■ The provisions of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq., were intended to remedy unfair terminations or non-renewals of franchises by franchisors for arbitrary and discriminatory reasons. The Act provides that a court shall grant a preliminary injunction if—

"(A) The franchisee shows—

(i) the franchise of which he is a party has been terminated or the franchise relationship of which he is a party has not been renewed, and

(ii) there exists sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and

"(B) The court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted."

15 U.S.C. § 2805(b)(2).

This court finds that under subpart (B) the balance weighs in favor of Mr. Sexe. With regard to part (A) of the section, the test is whether or not there are "serious questions" that go to the merits and whether such questions make a "fair ground for litigation". In short, for a preliminary injunction to issue the statute requires a reasonable chance of success if the matter were litigated on its merits. *Saad v. Shell Oil Company*, 460 F.Supp. 114 (E.D.Mich. 1978).

The Act also provides grounds for which a franchise may not be renewed by the franchisor. The applicable grounds in this case are contained in 15 U.S.C. § 2802(b)(3)(A). It states:

"(A) The failure of the franchisor and the franchisee to agree to changes or additions to the provisions of the franchise, if—

(i) such changes or additions are the result of determinations made by the franchisor in good faith and in the normal course of business; and

(ii) such failure is not the result of the franchisor's insistence upon such changes or additions for the purpose of preventing the renewal of the franchise relationship."

Applying the standards set forth above, this court finds that there may be a serious

question for the jury as to Husky Oil Company's good faith dealings with their franchisee, Mr. Sexe. Likewise, there may be a serious question on which there could be a reasonable chance of success that the newly-formulated rental policy was arbitrary and applied in a discriminatory fashion against Mr. Sexe. The rental formula may be especially suspect if one considers that it does not appear to take into account the location of the station nor the number of gallons pumped, thereby apparently favoring service stations located in more populated metropolitan areas. Moreover, there appears to be a question in regard to whether a separate formula is used for franchisees who are also jobbers.

Here, plaintiff has shown that he had a franchise, that defendant has decided not to renew the franchise, and that there "exist[s] sufficiently serious questions going to the merits to make such questions a fair ground for litigation." Thus, under the authority of 15 U.S.C. § 2805(b)(2) this court grants the motion for preliminary injunction.

### BOND REQUIREMENT

It is further ordered, under the authority of § 2805 of the Act, the franchisee is required in this action to post a ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00) bond prior to the issuance of this equitable relief.

### THE ALLOCATION ISSUE

Plaintiff prays for additional relief in the form of a preliminary and permanent injunction enjoining defendant, Husky Oil Company, from reducing plaintiff's fuel allocation. Nowhere can this court find that it has jurisdiction under the Petroleum Marketing Practices Act to consider the allocation issue. The Act confers upon this court jurisdiction only over the termination or non-renewal of franchises or the franchise relationship. Since this court is not presented with a 99% reduction in allocation there would appear to be no "constructive" termination. Thus, this court does not have jurisdiction to hear the allocation issue, and it need not address the remaining issues of exhaustion of remedies or primary jurisdiction.

THEREFORE, IT IS ORDERED that the motion for the preliminary injunction is granted for the purpose of maintaining the existing franchise relationship between the Sexe Service Station located at 3201 Second Avenue North, Great Falls, Montana, and Husky Oil Company.

IT IS FURTHER ORDERED that jury trial will be scheduled ninety (90) days from the date of this Order; and

IT IS FURTHER ORDERED that bond shall be posted in the amount of $1,500.00; and

IT IS ALSO ORDERED the preliminary injunction motion for the purposes of reinstating the allocation is hereby denied.